## WALTER FIELD *vs.* THE VERMONT & MASSACHUSETT RAILROAD COMPANY.

On an appeal to this court from a judgment of the court of common pleas, accept-
ing the verdict of a sheriff's jury, empannelled to revise the estimate of county
commissioners, on an application for damages occasioned by the laying out of a
railroad, it cannot be objected that the commissioners had no jurisdiction, by
reason of the parties having agreed to refer the damages to arbitration; but such
objection, if relied upon, must be taken before the commissioners as a ground for
not ordering a jury.

THIS was an appeal by the respondents from a judgment of the court of common pleas, accepting the verdict of a sheriff's jury, on an application of the petitioner to the county commissioners, for a revision of their estimate of the damages occasioned by the laying out and construction of the respondents' railroad over his land.

At the hearing before the sheriff's jury, the respondents introduced in evidence a bond executed by the petitioner to them, on the 26th of September, 1846, conditioned that the petitioner should convey to the respondents so much of his land in Northfield, as they might deem proper to take for the purposes of their road, upon payment or offer of payment of such sum, as John Nevers and Joseph Young should esti-mate the damage to be, on the portion of the land lying northerly of the maple in front of the petitioner's house, for all said land so taken by the respondents.

It was also in evidence, on the part of the respondents, that John Nevers, named in the bond as one of the persons to estimate the damages, died on the 30th of March, 1847, that the location of the respondents' road over the petition-er's land was duly filed in the clerk's office of the commis-sioners on the 15th of April, 1847; and that no estimate of damages, as provided in the bond, had ever been made.

Field *v.* The Vermont & Massachusetts Railroad Company.

The petitioner objected to the receiving of the bond in evidence, and further objected to its having any legal effect as a bar to damages for any part of his land taken or injured by the respondents' road; but the sheriff ruled that the bond was a bar to any damages for land, taken or injured, lying southerly of the maple-tree referred to in the bond, and instructed the jury to estimate damages only for land taken or injured north of the maple-tree, according to the provisions of the bond, to which ruling the petitioner excepted.

The jury returned a verdict for the sum of $824.

The petitioner thereupon waived his exceptions, and the court of common pleas, overruling a motion by the defendants to set the verdict aside, ordered it to be received, accepted and recorded.

No objection to the jurisdiction of the commissioners was taken before them, on the application for a jury.

*D. W. Alvord*, for the respondents, now argued that the giving of the bond by the petitioner took away the jurisdiction of the county commissioners, as to damages for the land taken by the respondents under its provisions.

There was no appearance for the petitioner.

BY THE COURT. On the face of the proceedings there can be no legal exception to the verdict, and the judgment of the court of common pleas must therefore be affirmed. But the respondents now propose to raise the question, whether the county commissioners had jurisdiction, in a case where the parties had agreed upon another mode of adjusting the petitioner's damages. But this was not an objection which went to the jurisdiction, but in bar of the damages, like that of accord and satisfaction, payment, or release, and should have been taken before the commissioners, as a reason for not ordering a jury. Not having been taken then, it was waived, and it is now too late to take the objection.

*Judgment of the court of common pleas affirmed*